DUNLOP & ASSOCIATES, PC
Victor A. Dunlop (VAD-8571)
198 Rogers Avenue
Brooklyn, New York 11225
(718) 403-9261 Telephone
(614) 455-9261 Facsimile

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CEDRIC FOLDS,

                Plaintiff,                          **COMPLAINT**

                                                      Docket No:

              -against-

CITY OF NEW YORK, NEW YORK CITY POLICE        Jury Trial Demanded
DEPARTMENT and POLICE OFFICER JOHN DEMPSEY OF
THE 103RD PRECINCT, in his official and individual capacities,

                  Defendants.
------------------------------------------------------------------------X

      Plaintiff CEDRIC FOLDS, by his attorneys, Dunlop & Associates, PC, hereby respectfully alleges for his complaint against the defendants as follows:

### NATURE OF THE INSTANT ACTION

      1.      This is an action to vindicate the rights of Cedric Folds ("Plaintiff"). Plaintiff contends that Defendants maliciously prosecuted him for a crime that defendants knew or reasonably should have known Plaintiff did not commit. Indeed, the charges for which Plaintiff was brought to trial were procured by fraud and intimidation and obtained in reckless disregard for the truth, when the District Attorney's Office of Queens County relied on the fraudulent statements of Police Officer John Dempsey of the 103rd Precinct. The criminal proceedings for which Plaintiff spent over four (4) years defending and ten (10) months imprisoned, terminated in Plaintiff's favor and were dismissed and sealed pursuant to N.Y. C.P.L. §160.50. However, Plaintiff suffered substantial and irreparable harm as a result of Defendants' malicious prosecution.

2. By this action, Plaintiff seeks redress for the violations of his constitutional and civil rights and to recover damages he suffered as a result of the incidence complained of hereunder, including but not limited to loss of liberty, loss of reputation, mental anguish, humiliation, fear, intimidation and damages for legal fees, costs, and expenses associated with defending the criminal proceedings.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to U.S.C. §1983. Venue is proper under 28 U.S.C. §§1391, as the operative events occurred within this judicial district.

4. Plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same controversy.

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

## PARTIES

6. Plaintiff Cedric Folds, whom at all relevant times resided in Queens County, hereby sues in and on his own behalf. At all relevant times, he was subjected to false imprisonment and malicious prosecution.

7. Defendant City of New York ("City") is a municipal entity authorized under the laws of the State of New York and a state actor for the purposes of 42 U.S.C. §1983. The City may sue and be sued, and its principal place of business is New York County, New York. At all relevant times, the City of New York employed Police Officer John Dempsey of the 103rd Precinct. The City of New York is sued for having violated Plaintiff's civil rights while acting

under color of state law and/or acting pursuant to its own practices, customs and policies.

8. Defendant New York City Police Department ("NYPD") is an agency of the City of New York. Upon information and belief, Police Officer Dempsey, a defendant named hereunder, is an agent and employee of the NYPD and an agent and employee of the City of New York, which is legally responsible for torts their employees commit within the scope of their employment and/or under color of law.

9. Police Officer John Dempsey of the 103rd Precinct ("Dempsey"), at all relevant times, was a police officer employed by the New York City Police Department, and acted toward Plaintiff under color of statutes, ordinances, customs, and usage of the City of New York and acted within his scope of employment during all relevant times hereunder. Dempsey is sued in both, his individual and official capacities.

10. At all times relevant, defendant Police Officers Dempsey acted under color of state law in the course and scope of his duties and functions as an agent, employee, and officer of the City and the NYPD.

I. RELEVANT FACTS

11. Defendants violated Plaintiff's civil rights in the following ways:

a. On or about October 26, 2010 at about 10:30PM at or about the location of 169-09 109th Road, 2nd Floor, Jamaica, New York 11433, Plaintiff was legally at his residence with his then girlfriend Kendra Belvin and her four children playing video games.

b. The next day, October 27, 2010, Dempsey and other police officers of the NYPD arrested Plaintiff as he was leaving his residence to pick up Kendra Belvin from the subway station at Jamaica Avenue. Upon information and belief, Dempsey and the other arresting officers advised Plaintiff that he was being arrested because he possessed an illegal firearm with ammunition and waived that firearm at Kendra Belvin during the previous evening.

    c.    Plaintiff was transported to the 103rd Precinct in the County of Queens, State of New York and then transported to Central Bookings to be presented before the Criminal Court, Queens County. Plaintiff was arraigned on charges of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, assault in the third degree, menacing in the second degree, endangering the welfare of a minor, and unlawful possession of pistol ammunition (the "Charges"), all to which he pled "not guilty" and bail was set at seventy five thousand ($75,000.00) dollars. Plaintiff was transported to Rikers Island.

    d.    Plaintiff testified on his own behalf in the Grand Jury advising it of his innocence concerning the Charges, testifying that he never possessed a firearm or ammunition and never waived a firearm at Kendra Belvin. Plaintiff was returned to Rikers Island where he would remain until August 9, 2011.

    e.    On or about November 17, 2010, three (3) weeks after Plaintiff was arrested on the Charges, Plaintiff was informed that in addition to the Charges, he was now being charged with criminal sexual acts in the first degree and sexual abuse in the first degree based on alleged statements Kendra Belvin made to Dempsey ("Additional Charges").

    f.    Plaintiff was not formally charged with and/or arraigned on the Additional Charges and he was never made aware that either Kendra Belvin or anyone else advised Dempsey or any other officer of the NYPD that he committed any criminal sexual acts or sexual abuse.

    g.    On or about December 3, 2010, the Grand Jury returned a true bill indicting Plaintiff on the Charges and the Additional Charges, despite Plaintiff not being made aware of the Additional Charges until on or about November 17, 2010. In addition, Plaintiff was not given an opportunity to testify on his own behalf in the Grand Jury concerning the Additional Charges.

    h.    Plaintiff spent ten (10) months imprisoned on Rikers Island fighting the Charges and Additional Charges. During this time, Plaintiff was compelled to travel to and from Supreme

4

Court, Queens County between the dates of October 27, 2010 and August 9, 2011. For ten (10) months, Plaintiff was held in several dirty cells and in several dormitories on Rikers Island in the company of criminals who were also accused of committing serious crimes, all to his shame and humiliation. In addition, as a result of the Charges and Additional Charges against Plaintiff, members of the New York City Department of Corrections and other inmates assaulted Plaintiff, ridiculed Plaintiff and labeled him as a rapist. Therefore, Plaintiff spent a significant amount of time in solitary confinement.

      i.      On or about August 9, 2011, Plaintiff was tried before a jury on the Charges and Additional Charges. Upon information and belief, Kendra Belvin testified at Plaintiff's trial and advised the jury that after Plaintiff was initially arrested, Dempsey threatened and coerced her into stating that Plaintiff sexually abused her because if not, the "gun charges would not stick". As a result, Plaintiff was acquitted on the Charges and Additional Charges. The Charges and Additional Charges were dismissed.

      j.      However, as a direct result of the false imprisonment and malicious prosecution Plaintiff spent a significant amount of time on Rikers Island and he was threatened, embarrassed, humiliated, and made to feel like a criminal.

      k.      There were serious consequences as a direct result of Plaintiff's ten (10) months incarceration.  Specifically, prior to being taken into custody and accused of the Charges, Plaintiff was gainfully employed with LKB as a highway bridge inspector.

      l.      During the ten (10) months that Plaintiff spent on Rikers Island, he lost his employment with LKB and has not since found comparable employment.

      12.      Defendants' illegal actions were undertaken based on Dempsey's intentional coercion of witnesses in order to maliciously prosecute Plaintiff, without any corroboration or investigation resulting in the level of probable cause necessary to arrest Plaintiff on the Additional Charges. Further, it is the municipal defendants' practice and policy to continue a

prosecution, even after learning of fraud that resulted in coerced statements from an unreliable witness.

13.     Moreover, Plaintiff's rights with respect to being free of false imprisonment, and malicious imprisonment are clearly established and reasonable persons employed by the City of New York are aware of these rights, or have reasons to be so aware of these rights.

14.     Defendants' instigation of the commencement of criminal proceedings with regards to the Additional Charges, coupled with their continued cooperation with the District Attorney's office were outrageous and malicious and done with an improper motive, and were intended to injure Plaintiff with no desire to achieve justice. Moreover, Defendants' illegal actions were done with reckless indifference to Plaintiff's protected rights, entitling Plaintiff to punitive damages against Dempsey, the individual Defendant named herein.

II.     CAUSES OF ACTION

FIRST CAUSE OF ACTION
VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS PURSUANT TO
42 U.S.C. §1983 ARISING FROM DEFENDANTS' MALICIOUS PROSECUTION

15.     Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1 through 14 with the same force and effect as if fully set forth herein.

16.     The Defendants violated the Fourth Amendment and Fourteenth Amendment of the United States Constitution by maliciously prosecuting Plaintiff, even after it had become clear that the Grand Jury indictment was procured by fraud concerning the Additional Charges. Upon information and belief Dempsey threatened and coerced Kendra Belvin into raising false allegations of criminal sexual assault and sexual abuse contained in the Additional Charges several weeks after Plaintiff was initially arrested for the Charges.

17.     In addition, Dempsey procured false testimony during Plaintiff's trial stating that

6

he found weapons in the Plaintiff's home. However, on cross-examination, Dempsey changed his testimony to say he found weapons in Plaintiff's vehicle and then changed his testimony once again testifying that he found weapons in the walls in Plaintiff's home. These violations are made actionable through 42 U.S.C. §1983.

18. Dempsey instituted or caused Kendra Belvin through intimidation, threats and coercion to institute the criminal proceedings against Plaintiff without probable cause as is evident by Plaintiff's acquittal at trial.

19. Plaintiff's criminal proceedings terminated in his favor when he was acquitted of the Charges and the Additional Charges at trial on August 9, 2011.

20. Dempsey acted maliciously in initiating the criminal proceedings and in continuing criminal proceedings by providing fraudulent information to the District Attorney's office.

21. The Defendants violated the Fourth Amendment and the Fourteenth Amendment of the United States Constitution by maliciously prosecuting Plaintiff, by providing false and malicious testimony in the Grand Jury, by continuing to provided false, and malicious information in their cooperation with the District Attorney's office, even after it became evident that there was no basis in fact or in law to support Plaintiff's prosecution. The Defendants provided false and fraudulent information resulting in clear evidence of malice and/or a reckless disregard for the truth. These violations are actionable under 42 U.S.C. §1983.

SECOND CAUSE OF ACTION

22. Plaintiff hereby repeats and realleges each allegation numbered in paragraphs 1-21 above.

24. The Defendants violated the Fourth Amendment of the United States Constitution

when Plaintiff was jailed on Riker's Island for approximately 10 months and forced to defend himself against a fraudulent criminal case for which he was tried before a jury. This caused Plaintiff to lose gainful employment, benefits, and consortium. Plaintiff has not been able to find comparable employment or benefits since that time. These violations are made actionable through 42 U.S.C. §1983.

25. The Defendants violated the Fourth Amendment of the United States Constitution when Plaintiff was falsely imprisoned for ten (10) months. This caused Plaintiff to be terminated from his employment. These violations are made actionable through 42 U.S.C. §1983.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant to him judgment containing the following relief:

a. An award of damages to be determined at the time of trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

b. An award of punitive damages to be determined at the time of trial as against each individual defendant;

c. An award of reasonable attorneys' fees and the cost of this action; and

d. Such other and further relief as this Court may deem just and proper.

DATED:    Brooklyn, New York
          July 29, 2014

DUNLOP & ASSOCIATES, PC

Victor A. Dunlop (VAD-8571)
Attorneys for Plaintiff
Cedric Folds

        Office and P.O. Address

The Brooklyn Combine
198 Rogers Avenue
Brooklyn, New York 11225
(718) 403-9261 Telephone
(614) 455-9261 Facsimile